UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE | ) | |
| COMPLAINT OF SCF LEWIS AND | ) | |
| CLARK FLEETING LLC, FOR | ) | Case No. 4:21 CV 244 CDP |
| EXONERATION FROM, OR | ) | |
| LIMITATION OF, LIABILITY | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Claimant Armand Leggans' motion to dissolve the stay and restraining order entered March 2, 2021.

### Background

Plaintiff SCF Lewis and Clark Fleeting LLC, owner of the M/V MIRANDA PAIGE, a commercial vessel operating in the Mississippi River, brings this action seeking limitation of liability under the Limitation of Shipowners' Liability Act, 46 U.S.C. § 30503 *et seq*., and Rule F of the Supplemental Rules for Admiralty and Maritime Claims.  At all relevant times, claimant Leggans was employed by plaintiff as a mate on the M/V MIRANDA PAIGE.  On January 29, 2020, Leggans allegedly sustained injuries to his left shoulder, neck, and back while lifting rigging aboard the vessel.  Leggans initially filed suit in St. Louis Circuit Court in October 2020 asserting claims for negligence under the Jones Act, 46 U.S.C. § 30104, and general maritime law claims for unseaworthiness and maintenance and cure.

1

Plaintiff filed its complaint in admiralty on February 25, 2021 seeking to limit its liability to its interest in the M/V MIRANDA PAIGE.  ECF 1.  On February 26, 2021, plaintiff moved under 46 U.S.C. § 30511 for an order approving the security for value for their interests in the vessel in the form of a letter of undertaking by their insurers in the amount of $2,000,000.00.  ECF 3.  On March 2, 2021, the Court entered an order 1) approving the security for value; 2) issuing notice of all potential claimants to file claims related to the vessel by April 30, 2021; and 3) staying all proceedings arising from the January 29, 2020 incident pending disposition of the instant action.  ECF 5.  On March 30, 2021, Leggans answered the complaint in admiralty, moved to dismiss the complaint, and moved to dissolve the stay order.[1]  ECF 8.

Leggans filed the instant motion on April 15, 2021 seeking to dissolve the stay.  ECF 11.  Leggans' motion contained several stipulations concerning the Court's exclusive jurisdiction to decide matters regarding plaintiff's claimed limitation of liability and limitation fund; accordingly, Leggans contends that he is entitled to proceed with his action in state court pursuant to the saving-to-suitors clause, 28 U.S.C. § 1333.  While plaintiff concedes that Leggans may be entitled to

---

[1] Because the injunction will be lifted, I will deny Leggans' motion to dismiss as moot to avoid issuing any unnecessary rulings on the merits of the parties' claims.  *Accord In re Massman*, Case No. 4:12-CV-01665, 2013 WL 718885, at *3 (E.D. Mo. Feb. 27, 2013).

a dissolution of the stay order, plaintiff contends that the Court should deny
Leggans' motion unless he stipulates that he will "not act upon any judgment
entered by *any* court in [his] favor until this Court enters final judgment as to all
issues in this action." *See Osage Marine Services, Inc.*, Case No. 4:15-cv-1458
JAR, ECF 42 (E.D. Mo. April 26, 2016) (emphasis in original).

## Discussion

The Limitation of Vessel Liability Act allows the owner of a vessel to limit
the amount of its liability for a maritime incident to the value of the vessel and its
pending freight.  46 U.S.C. § 30505(a).  "While 28 U.S.C. § 1333(1) does grant to
the federal district courts exclusive jurisdiction over suits brought pursuant to the
Limitation Act . . . the same statute also 'sav[es] to suitors in all cases all other
remedies to which they are entitled.'"  *Riverway Harbor Serv., St. Louis, Inc. v.
Bridge & Crane Inspection, Inc*., 263 F.3d 786, 791 (8th Cir. 2001) (quoting 28
U.S.C. § 1333(1)).  Thus "so long as the vessel owner's right to seek limitation of
liability is protected," claimants may seek to adjudicate certain claims against the
limitation fund in state court.  *Lewis v. Lewis & Clark Marine, Inc*., 531 U.S. 438,
455 (2001).

The Eighth Circuit has recognized a "single claimant exception" in cases
where, as here, there is a single claim exceeding the value of the limitation fund:
"[A] claimant may pursue his common-law remedies in state court, provided he

3

files a stipulation in the district court which concedes that all questions of limitation of liability are reserved for the admiralty court." *Universal Towing v. Barrale*, 595 F.2d 414, 419 (8th Cir. 1979).[2]  In assessing the adequacy of a claimant's stipulations, courts in this district have held that a claimant must specifically stipulate to: "1) concede that the district court has exclusive jurisdiction to determine all issues relating to the shipowner's right to limit its liability, including determination of the value of the limitation fund; and 2) waive any right to claims of res judicata based on a judgment from another forum."  *In re Osage Marine Services, Inc*., Case No. 4:15-cv-856 ERW, ECF 22 (E.D. Mo. September 4, 2015) (quoting *In re Massman*, 2013 WL 718885, at *3 (citations omitted)).  If the claimant's stipulations are adequate, it is an abuse of discretion for the Court to fail to dissolve the injunction against other legal proceedings, "and thus deprive a claimant of his choice of forum."  *Valley Line Co. v. Ryan,* 771 F.2d 366, 373 (8th Cir. 1985).

Upon review of Leggans' stipulations, I conclude they are adequate under the above-referenced standards, and that he is entitled to a dissolution of the stay. Leggans' stipulations unequivocally recognize the exclusive jurisdiction of this Court to determine plaintiff's right to limit of liability and to determine the total

---

[2] The April 30, 2021 deadline to file claims set forth in the notice (ECF 5) has expired, and Leggans is apparently the only claimant.

value of the limitation fund.  ECF 11 at pg. 2-3 ¶¶ (3), (5).  Leggans also stipulates to a waiver of "any claims of res judicata relevant to the issue of limitation of liability on any judgment that may be rendered in both federal and state courts." *Id*. at ¶ (2).  Plaintiff has not offered any explanation for why it believes that a more extensive stipulation—that Leggans "not act upon any judgment rendered by any court in their favor until this Court enters final judgment as to all issues in this action"—is necessary or appropriate under governing law: "As long as a claimant stipulates to exclusive federal jurisdiction for limitation of liability purposes, that claimant may also pursue any other claims dealing with exoneration from liability in state court pursuant to the savings to suitors clause."  *In re Massman*, 2013 WL 718885, at *5 (citing *Riverway Harbor Serv., St. Louis, Inc. v. Bridge & Crane Inspection, Inc.,* 263 F.3d 786, 792 (8th Cir. 2001)).  In any event, as plaintiff requests, I will enter a stay of entry of judgment and consequent enforcement of recovery in any proceeding pending final judgment in this limitation proceeding.

Accordingly,

**IT IS HEREBY ORDERED** that Claimant Armand Leggans' Motion to Dissolve Stay and Injunction [ECF 11] is **GRANTED**.  The stay and restraining order March 2, 2021 is **DISSOLVED**.

**IT IS FURTHER ORDERED** that claimant's Motion to Dismiss [ECF 8] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that a stay of entry of judgment and consequent enforcement of any recovery achieved in any proceeding pending the outcome of this limitation proceeding is entered.

**IT IS FURTHER ORDERED** that the Clerk of Court shall administratively close this case, subject to reopening on the motion of either party if warranted.


CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 1st day of June, 2021.